848 So.2d 870 (2002)
Becky LADNER, Appellant,
v.
Jimmy JORDAN, Appellee.
No. 2001-CA-01469-COA.
Court of Appeals of Mississippi.
November 26, 2002.
Rehearing Denied March 11, 2003.
Certiorari Denied June 26, 2003.
*871 Sam M. Brand, Jackson, attorney for appellant.
Jimmy Jordan (pro se), attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J., for the court.
¶ 1. Becky Ladner sued Jimmy Jordan in the Chancery Court of Hinds County asking for rescission of a contract and consequential damages based on a theory of breach of warranty of merchantability. After hearing the case, the court ruled for Jordan, finding that he was not a merchant under the meaning of the statute, and that he had breached no warranty. Ladner perfected her appeal.
STATEMENT OF THE ISSUES
I. DID THE COURT ERR IN DISMISSING LADNER'S CLAIM FOR BREACH OF AN EXPRESS WARRANTY?
II. DID THE COURT ERR IN HOLDING THAT JORDAN HAD TO BE A "MERCHANT WITH RESPECT TO GOODS OF THAT KIND" TO BE LIABLE FOR A BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY?
III. DID THE COURT ERR IN HOLDING THAT LADNER HAD NOT BROUGHT A CLAIM BASED ON THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE?

FACTS
¶ 2. Becky Ladner purchased a thirteen-year-old Palomino horse from Jimmy Jordan for $1800. She had seen Jordan ride the horse twice before the purchase, but refused to ride the horse herself. She also did not have the horse examined by a veterinarian prior to purchase. Jordan guaranteed that the horse was sold as sound as when Jordan owned him, which he clarified meant "as is." Ladner and her husband took the horse home with them, leaving Jordan $1800 richer.
¶ 3. The next day Ladner rode the horse for the first time, and immediately detected that the horse was partly lame. Ladner took the horse to be examined at Dixie Equine by Dr. Laurissa Heinz, a veterinarian, who determined that the horse had a lame hind leg, with developing arthritis in the ankle joint. Mr. Ladner called Jordan the next day and tape recorded his conversation with Jordan, who reaffirmed his guarantee that the horse was sold "as is," and that the horse was sound when he sold it.

ANALYSIS

I. DID THE COURT ERR IN DISMISSING LADNER'S CLAIM FOR BREACH OF AN EXPRESS WARRANTY?
¶ 4. The court held that Ladner had not adduced sufficient proofs at trial *872 to support her claim. Another way to state this is that Ladner failed to make a prima facie case. This Court reviews the dismissal of a claim for failure to make out a prima facie case for manifest error in the face of substantial evidence to the contrary. Alexander v. Brown, 793 So.2d 601, 603(¶ 6) (Miss.2001). The trial court must consider the evidence fairly, and dismiss a claim if the judge would find for the defendant. Id.
¶ 5. The evidence adduced at trial indicated at most that Jordan had guaranteed the horse "as is," which is no guarantee at all and may be sufficient to serve as an exclusion of implied warranties under the Uniform Commercial Code (UCC). Considering the evidence, it is impossible for this Court to say that Ladner had met the burden of establishing a prima facie case for an express warranty of fitness for a particular purpose.
II. DID THE COURT ERR IN HOLDING THAT JORDAN HAD TO BE A "MERCHANT WITH RESPECT TO GOODS OF THAT KIND" TO BE LIABLE FOR A BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY?
¶ 6. Mississippi Code Annotated Section 75-2-314 (Rev.2001) states that for a person to be liable under a theory of breach of the implied warranty of merchantability, he must be a merchant with respect to goods of that kind. Since Jordan cannot be considered a merchant with respect to goods of that kind, i.e., horses, and since Ladner effectively concedes this point in her brief, this Court must affirm the court below.
III. DID THE COURT ERR IN HOLDING THAT LADNER HAD NOT BROUGHT A CLAIM BASED ON THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE?
¶ 7. The court held that Ladner had relied solely upon Mississippi Code Annotated Section 75-2-314 (Rev.2001) in her complaint. This decision of the chancellor is properly reviewed for an abuse of discretion. Although Ladner alleged that her claim arose under "Section 75-2-314, et. seq. of the Mississippi Code of 1972, Annotated," without specifying if the claim was one based on an express or implied warranty of fitness for a particular purpose. The appropriate statute regarding an implied warranty of fitness is found in Mississippi Code Annotated Section 75-2-315 (Rev.2002), and while the most charitable interpretation of Ladner's complaint would suggest that the words "et seq." encompassed all of the UCC Article 2 that follows Section 314, it is hardly incumbent upon any court to sua sponte correct the pleadings. Ladner did not ask the court's leave to amend the pleadings to conform with the facts; consequently, her pleadings must be taken as accurate on their face.
¶ 8. During the trial, Ladner adduced no proof to support a claim based on the implied warranty of fitness for a particular purpose, instead focusing on the theory of an express warranty of fitness for a particular purpose. The court held that Ladner had failed to make a prima facie case supporting a claim on the theory of express warranty. Among the evidence provided was a tape recorded conversation of Jordan and Mr. Ladner discussing the health of the horse. Jordan, who did not know the conversation was being taped, stated that he sold the horse "as is," and that he guaranteed that it was as sound as when he had owned it. This amounted to no guarantee at all.
¶ 9. Coupled with the lack of guarantee is the fact that the Ladners, who had experience with horses and who were both present at the point of sale did *873 not have a veterinarian examine the horse, nor did they personally ride the horse. According to Ladner's testimony, as soon as she rode the horse she realized that it was partly lame. Under the UCC, when a buyer refuses to examine the goods prior to use under circumstances where the defect complained of would have been revealed through examination, the implied warranty of fitness for a particular purpose can be deemed waived. Basic Adhesives, Inc. v. Robert Matzkin Co., Inc., 101 Misc.2d 283, 288-291, 420 N.Y.S.2d 983, 985-987 (1979). Since the Ladners twice refused to ride the horse, and did not attempt to assess the horse's fitness for riding, and subsequently discovered the defect immediately upon riding the horse, there can be no doubt that combined with Jordan's non-guarantee the events at the point of sale negated the implied warranty of fitness for a particular purpose.
¶ 10. For the foregoing reasons, we affirm the decision of the court below.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE CHARGED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BRANTLEY, J., NOT PARTICIPATING.